IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SEND OUT CARDS, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>TROPICAL ADVERTISING LLC, a Florida limited liability company; MICHAEL WILSON, an individual; DOES I-X; and ROE CORPORATIONS I-X; inclusive,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br><br><br><br>Case No. 2:11-CV-725 TS |

This matter is before the Court on Plaintiff's Motion for Default Judgment Against Defendant Tropical Advertising LLC. For the reasons discussed below, the Court will deny the Motion without prejudice.

I.  BACKGROUND

Plaintiff filed its Complaint against Defendants on August 10, 2011. Plaintiff's Complaint brings claims against Defendants for trademark infringement, trademark dilution, unfair competition, and intentional interference with contractual relations. Plaintiff seeks

1

injunctive relief, monetary damages, attorney fees and costs, and punitive damages against all Defendants.

Defendant Tropical Advertising was served in this matter, but failed to timely respond. As a result, a Default Certificate was entered against Defendant Tropical Advertising on October 21, 2011. On that same day, Plaintiff sought default judgment against Defendant Tropical Advertising. It appears that Plaintiff has yet to serve Defendant Wilson.

## II. DISCUSSION

Upon entry of default, the court may enter default judgment against a defendant.[1] But the court will not enter default judgment if doing so creates a risk of inconsistent judgment against the remaining defendants. "[W]hen one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against him until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted."[2] "[J]ust as consistent verdict determinations are essential among joint tortfeasors, consistent damage awards on the same claim are essential among joint and several tortfeasors."[3] As a result, the rule against imposing default judgment on less than all jointly liable defendants also extends to situations "where several defendants have closely related defenses."[4]

---

[1] Fed.R.Civ.P. 55.

[2] *Hunt v. Inter-globe Energy, Inc.*, 770 F.2d 145, 147 (10th Cir. 1985) (quotations omitted); *see also Frow v. De La Vega*, 82 U.S. (15 Wall.) 552 (1872).

[3] *Hunt*, 770 F.2d at 148.

[4] 10A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2690 (3d ed. 2005).

Here, Plaintiff's claims against all Defendants are closely related. Indeed, Plaintiff's Complaint does not attempt to differentiate which claims are against which Defendant and largely makes claims against "Defendants" as a whole. Therefore, the Court finds that default judgment against Tropical Advertising is inappropriate until the claims against all Defendants have been resolved.

### III. CONCLUSION

It is therefore

ORDERED that Plaintiffs' Motion for Default Judgment (Docket No. 12) is DENIED WITHOUT PREJUDICE.

DATED   December 7, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge